UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURSANT SINGH KHALSA, | No.  2:13-cv-00493-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is proceeding without counsel in this action.[1]  This matter was set for a Status (Pretrial Scheduling) Conference on August 15, 2013.  (See Order Setting Status Conference, ECF No. 3 at 2.)  Plaintiff was required to file a status report "not later than seven days prior to" the Status Conference.  (Id.)  Plaintiff did not file a status report, and he has not filed any documents in this action since filing the complaint.  (Compl., ECF No. 1.)  Plaintiff did not appear at the Status (Pretrial Scheduling) Conference on August 15, 2013.

Plaintiff filed his complaint on March 12, 2013.  (Compl., ECF No. 1.)  Pursuant to Federal Rule of Civil Procedure 4(m) and this court's Order Setting Status Conference (ECF No. 3), plaintiff was obligated to serve all defendants with process within 120 days of March 12, 2013.  (See Order Setting Status Conference ¶ 1, ECF No. 3 ¶ 1.)  Plaintiff had until July 10,

---

[1]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

2013, to effectuate service of process upon the defendants, but the court's docket does not reflect that such service has been completed.[2]  (Id.)

As a result, the undersigned is inclined to recommend, on the court's own motion, that the claims against the defendants be dismissed because the time to serve them has expired.  In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> **(m) Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Well over 120 days have passed since the complaint was filed in this court.  Absent good cause shown by plaintiff, the court "must" dismiss plaintiff's claims against the defendants pursuant to Rule 4(m).  However, Rule 4(m) requires that the court provide notice to plaintiff prior to effectuating such a dismissal, and this order constitutes such notice.

Additionally, the court is inclined to recommend, on its own motion, the dismissal of plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, comply with the Federal Rules of Civil Procedure, and comply with the court's Order Setting Status Conference.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir.

---

[2]  The docket does not reflect that plaintiff has filed any proofs of service in this action.

1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

Finally, plaintiff has previously been warned that failures like those described herein could result in a recommendation that this case be dismissed. (<u>See</u> Order Setting Status Conference, ECF No. 3 ¶ 7 ("Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.").)

Based on the foregoing, IT IS HEREBY ORDERED that:

1. No later than **September 16, 2013**, plaintiff shall show cause, in writing, why he failed to file a status report seven days prior to the Status (Pretrial Scheduling) Conference that occurred on August 15, 2013.

2. No later than **September 16, 2013**, plaintiff shall also show cause, in writing, why his claims against all defendants should not be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

3. *Failure to file the required writing within the time permitted shall constitute plaintiff's consent to the dismissal of this case with prejudice.*

IT IS SO ORDERED.

Dated: August 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3